UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROBBIE TOMENY                                          CIVIL ACTION

VERSUS                                                 NO: 23-3299

SAFEPOINT INSURANCE COMPANY                            SECTION: "A" (1)

## ORDER AND REASONS

Before the Court is a **Motion to Disqualify Counsel of Record (Rec. Doc. 32)**, filed by

Defendant, Safepoint Insurance Company ("Safepoint"). The motion, noticed for submission on

March 19, 2025, is before the Court on the briefs, without oral argument. For the following reasons,

the motion is denied.

### I.    Background

This matter is an insurance dispute arising out of property damage inflicted by Hurricane

Ida.[1] The named-plaintiff, Robbie Tomeny, was the named-insured for a commercial property

insurance policy on a property in LaPlace, Louisiana for a period beginning May 31, 2021 and

ending May 31, 2022.[2] Hurricane Ida made landfall in August 2021, during the covered period.

Ms. Tomeny timely reported the damage to Safepoint and was assigned the claim number of

44688.[3] The dispute concerns (i) the adequacy of Safepoint's investigation of the property damage

and (ii) whether Safepoint has fully and properly compensated Plaintiff for repair of damages to

the insured premises.[4]

---

[1] Rec. Doc. 1, ¶¶ 6–7.

[2] *Id.* ¶ 6 (identifying the policy as Policy No. SLAD0491734-04). The property at the center of this dispute is located at 102 Somerset Street. *Id.*

[3] *Id.* ¶ 7.

[4] *Id.* ¶¶ 7–10.

In August 2022, Ms. Tomeny sold the insured premises to Mr. Albert Touzet.[5] A week after the sale of the property, the parties executed an "Assignment of Homeowners Insurance Benefits."[6] Via the assignment, Ms. Tomeny transferred "all legal rights, benefits, interests, and titles from the insurance policy" to Mr. Touzet.[7] One year later, in August 2023 (seemingly near the end of the two-year prescriptive period for a policyholder's bad faith claim against his insurer) this lawsuit was filed.[8] Curiously, despite Mr. Touzet possessing "all legal rights" "totally and irrevocably," this lawsuit was brought in Ms. Tomeny's name, with no mention that Mr. Touzet possessed the legal right to bring the action.

## II.    Law and Discussion

In the motion presently before the Court, Safepoint moves to disqualify Plaintiff's counsel of record on the basis that "this lawsuit was filed in the name of a party that counsel does not represent[]."[9] In response to Safepoint's motion, Plaintiff asserts that Ms. Tomeny consented to the filing of this litigation.[10] The assertion is substantiated by her affidavit attesting to the same.[11]

"Motions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law." *In re Am. Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992), *cert. denied*, 507 U.S. 912 (1993). "As such, and because disqualification

---

[5] Rec. Doc. 35, ¶ 4; *see also* Rec. Doc. 35-4 (Sale and Mortgage document).

[6] Rec. Doc. 35-3.

[7] Rec. Doc. 35-3 (emphasis added),

> I, Robbie Tomeny, . . . transfer, and assign, totally and irrevocably, **all legal rights**, benefits, interests, and titles from the insurance policy number SLAD0491734-04, issued in my name by SafePoint Insurance Company pursuant to 102 Somerset St, Laplace, LA 70068.

[8] *See* Rec. Doc. 1; *see also Wilson v. La. Citizens Prop. Ins. Corp.*, 2023-01320 (La. 1/10/24), 375 So. 3d 961, 962.

[9] *See* Rec. Doc. 32-1, at 4.

[10] *See* Rec. Doc. 35, ¶ 3.

[11] *See* Rec. Doc. 35-1.

of an attorney is a harsh and disruptive remedy, the party seeking disqualification bears the burden of proving a conflict of interest requiring disqualification." *United States v. Decay et al.*, 406 F. Supp. 2d 679, 683 (E.D. La. 2005) (citing *F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304, 1316 (5th Cir. 1995)).

Safepoint asks the Court to grant a "harsh and disruptive remedy" without citing a single legal authority in either its motion or its reply, or making any substantive legal argument in support of its desired relief.[12] The Court is unconvinced that this rises to "proving a conflict of interest requiring disqualification." *Id.* And while a legitimate legal issue may yet exist in this matter, "[i]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Beard v. Whitley Cnty. REMC*, 840 F.2d 405, 408–09 (7th Cir. 1988) (quoting *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986), *cert. denied*, 479 U.S. 1056 (1987)); *Howard v. Forrest Cnty.*, No. 2:19-84, 2020 WL 4506787, at *10 (S.D. Miss. Aug. 5, 2020) ("The court has no duty to . . . make a party's arguments for them.") (internal quotations omitted).

Accordingly;

**IT IS ORDERED** that Safepoint's **Motion to Disqualify Counsel of Record (Rec. Doc. 32)** is **DENIED**.

March 24, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[12] *See generally* Rec. Doc. 32, 36.