UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBBIE TOMENY | CIVIL ACTION |
| VERSUS | NO: 23-3299 |
| SAFEPOINT INSURANCE COMPANY | SECTION: "A" (1) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 39)**, filed by Defendant, Safepoint Insurance Company ("Safepoint"). Pursuant to Federal Rule of Civil Procedure 12(d), the motion has been converted to a motion for summary judgment (Rec. Doc. 45).[1] The converted motion, submitted for consideration on September 17, 2025,[2] is before the Court on the briefs without oral argument. The Court **GRANTS** the motion for the reasons set forth below.

### I. Background

This matter is an insurance dispute arising out of property damage inflicted by Hurricane Ida.[3] Plaintiff, Robbie Tomeny, was the named insured for an insurance policy on a commercial property in LaPlace, Louisiana, for a period beginning May

---

[1] Supplemental briefing for the converted motion was due no later than October 14, 2025, and a reply to the opposing party's brief was due by October 21, 2025. Rec. Doc. 45.

[2] The motion was originally set for submission on Wednesday, September 3, 2025. Rec. Doc. 39. Pursuant to Local Rule 7.5 of the Eastern District of Louisiana, Plaintiff's response in opposition was due eight days prior to the noticed submission date, but Plaintiff failed to file an opposition to Defendant's motion. In the interest of justice, the Court sua sponte reset the motion for consideration on September 17, 2025. Rec. Doc. 42.

[3] Rec. Doc. 1, Complaint, ¶¶ 6–7.

1

31, 2021, and ending May 31, 2022.[4] Hurricane Ida made landfall in August 2021, during the covered period. Ms. Tomeny timely reported the damage to Safepoint and was assigned the claim number 44688.[5] The underlying dispute concerns (i) the adequacy of Safepoint's investigation of the property damage and (ii) whether Safepoint has fully and properly compensated Plaintiff for repair of damages to the insured premises.[6]

In August 2022, Ms. Tomeny effected a sale and mortgage of the insured premises to Mr. Albert Touzet and Carsyn E. Wallow.[7] A week after the sale of the property, the parties executed an "Assignment of Homeowners Insurance Benefits."[8] Via the assignment, Ms. Tomeny transferred "all legal rights, benefits, interests, and titles from the insurance policy" to Mr. Touzet.[9] One year later, on August 10, 2023, this lawsuit was filed.[10] Despite Mr. Touzet possessing "all legal rights" "totally and irrevocably," this lawsuit was brought in Ms. Tomeny's name, with no mention that Mr. Touzet possessed the legal right to bring the action.

---

[4] *Id.* ¶ 6 (identifying the policy as Policy No. SLAD0491734-04). The property at the center of this dispute is located at 102 Somerset Street. *Id.*

[5] *Id.* ¶ 7.

[6] *Id.* ¶¶ 7–10.

[7] Rec. Doc. 35, Opp. to Mot. to Disqualify Plaintiff's Counsel ¶ 4; *see also* Rec. Doc. 35-4, Exhibit 2-A Sale and Mortgage, at 1.

[8] Rec. Doc. 35-3, Exhibit 3 Assignment of Homeowners Insurance Benefits.

[9] Rec. Doc. 35-3 (emphasis added),

> I, Robbie Tomeny, . . . transfer, and assign, totally and irrevocably, ***all legal rights***, benefits, interests, and titles from the insurance policy number SLAD0491734-04, issued in my name by SafePoint Insurance Company pursuant to 102 Somerset St, Laplace, LA 70068.

[10] *See* Rec. Doc. 1.

## II. Legal Standard for Summary Judgment

Summary judgment is proper where there is "no genuine dispute of material fact" and "the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). That is, it is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing FED. R. CIV. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

## III. Discussion

Safepoint seeks to dismiss this lawsuit on the grounds that (1) the Plaintiff, Robbie Tomeny, has no right of action to bring this litigation against Safepoint, and (2) the claims of Albert Touzet, IV are now prescribed pursuant to La. R.S. 22:868.[11] Ms. Tomeny argues that, as the named insured, she is a necessary party to this action,

---

[11] Rec. Doc. 39 at 1.

despite having fully assigned her rights to Mr. Touzet.[12] Further, Ms. Tomeny is the mortgagee and therefore claims to have standing to bring this suit under the Mortgage Clause of the subject policy.[13] She also contends that the "Suit Against Us" provision in the insurance contract is void as a matter of law because it violates Louisiana Revised Statute 22:868 by limiting the time to bring a cause of action to a period less than twenty-four months.[14]

### a. Right of Action

Under the *Erie* doctrine, federal courts apply state substantive law and federal procedural law in a diversity action. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Rule 17(a)(1) of the Federal Rules of Civil Procedure requires that actions "be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a)(1). Although the designation of the real party-in-interest is a procedural determination, a federal court sitting in diversity must look to the person holding the substantive right sought to be enforced. *Farrell Const. Co. v. Jefferson Par., La.,* 896 F.2d 136, 140 (5th Cir. 1990). The Fifth Circuit makes it clear that "a party not possessing a right under substantive law is not the real party in interest with respect to that right and may not assert it." *Id.* Here, there is no dispute that this is a diversity action governed by Louisiana substantive law.[15]

---

[12] Rec. Doc. 43, Pl.'s Memo. in Opp., at 4.

[13] *Id.*

[14] Rec. Doc. 47, Pl.'s Supp. Response in Opp. to Defendant's Converted Mot. for Summary Judg., at 4.

[15] Ms. Tomeny is a Louisiana citizen. And Safepoint is a Florida Corporation with its principal place of business in the State of Florida. The amount in controversy exceeds the sum $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) (diversity jurisdiction).

Louisiana Code of Civil Procedure article 698 provides for the procedural enforcement of assigned rights by the assignee, stating that:

> An incorporeal right which has been assigned, whether unconditionally or conditionally for purposes of collection or security, shall be enforced judicially by:
> (1) The assignor and the assignee, when the assignment is partial; or
> (2) The assignee, when the entire right is assigned.

LA. C.C.P. ART. 698. Official Revision Comment (d) to the article emphasizes that, "if there has been an assignment of the entire right and the suit is brought in the name of the assignor, the latter has no right of action, and the court cannot adjudicate in the absence of the indispensable party plaintiff, the assignee." In this case, neither party disputes that Ms. Tomeny had the right to, and did, assign all legal rights, benefits, interests, and titles under the insurance policy to Mr. Touzet before filing her Complaint.[16] This means that at the time the lawsuit was brought, Ms. Tomeny was no longer the real party-in-interest and therefore had no standing to bring this action.

### b. Mortgage Clause

Ms. Tomeny cites *May v. Market Insurance Company* to argue that, as the mortgagee, she is an indispensable party to the contract. 387 So.2d 1081 (La.1980). In *May*, the Louisiana Supreme Court elucidated the difference between the standard or union mortgage clause and the simple or open mortgage clause to determine whether a mortgagee-intervenor was entitled to attorney fees from a defendant

---

[16] *See* Rec. Doc. 46-1, Statement of Undisputed Facts, at 4; Rec. Doc. 43

insurer. *Id.* The court held that a standard clause creates a separate insurance contract between the mortgagee and the insurer. *Id.* at 1083. In contrast, a simple mortgage clause, "merely provides in effect that the proceeds of the policy shall be paid first to the mortgagee to the extent of his interest." *Rushing v. Dairyland Ins. Co.*, 456 So.2d 599, 601 (La.1984) (citing *May* 387 So.2d 1081).

The mortgage clause in the subject policy states, in pertinent part:

> If a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages.
> If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:
> **a.** notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;
> **b.** pays any premium due under this policy on demand if you have neglected to pay the premium; and
> **c.** submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. Policy conditions relating to Appraisal, Suit Against Us and Loss Payment apply to the mortgagee.[17]

After interpreting the mortgage clause under Louisiana law, the Court finds that it is a standard mortgage clause, and, as such, the mortgagee, Ms. Tomeny, has, in substance, a separate contract with the insurer.[18] *See May,* 387 So.2d at 1084. However, the purpose of a standard mortgage clause is not to create an avenue for

---

[17] Rec. Doc. 47-2, Exhibit A-1 Safepoint Insurance Dwelling Policy, at 16.

[18] Although the subject mortgage clause uses mixed language found in both the standard and simple mortgage clauses, the Court finds that the language creating separate duties for the mortgagee distinguishes it from the "simple" "loss payable" mortgage clause where the mortgagee simply stands in the shoes of the insureds. *See Nationwide Ins. Co. v. Clark*, CIVA305CV615DPJJCS, 2006 WL 3694597, at *3 (S.D. Miss. Dec. 13, 2006).

the mortgagee to sue an insurer without any action taken by the insured. Instead, the standard mortgage clause ensures that "the mortgagee's right to recover will not be invalidated by the act or negligence of the mortgagor" and that "no act or default of any person other than the mortgagee ... shall affect the rights of the mortgagee to recover in case of loss." *Ingersoll-Rand Fin. Corp. v. Employers Ins. of Wausau*, 771 F.2d 910, 914 (5th Cir. 1985). The standard mortgage clause creates a separate mortgage contract within the policy that protects the mortgagee against loss from any act or neglect of the mortgagor or owner. *See May* 387 So.2d 1081. This is supported by the subject clause's language, "if we deny your claim, that denial will not apply to a valid claim of the mortgagee."

Further, there is no evidence that Ms. Tomeny adhered to the mortgagee's independent obligations under the clause. For example, the mortgage clause states that the mortgagee must "notif[y] [Safepoint] of any change in ownership." However, Safepoint did not become aware of the change of ownership to Mr. Touzet and Wallow until Ms. Tomeny supplied her Initial Disclosures in this suit.[19] The Court also agrees with Safepoint's argument that Ms. Tomeny's status as a mortgagee may have been a justification to not dispense with her claim, but it is not a reason to allow this suit to proceed without Mr. Touzet, the assignee who holds the right of action.[20]

---

[19] Rec. Doc. 39-2, Memo. in Support of Mot. to Dismiss for Failure to State a Claim, at 2. Curiously, Plaintiff's Initial Disclosures, provided in July 2024, list herself and Carysn E. Wallow as the subject property owners. She also states that there is no mortgage on the property. Rec. Doc. 46-2. This is contrary to the Sale and Mortgage executed in August 2022 which list Albert Touzet and Carysen E. Wallow as the property buyers and Ms. Tomeny as the seller financer. Rec. Doc. 35-4. And to her current argument that she is a necessary party as the mortgagee.

[20] Rec. Doc. 44, Safepoint Insurance Company's Reply Memo., at 5.

### *c. Prescription*

Ms. Tomeny also seeks to have the pending motion denied because the subject policy purports to limit the prescriptive period in violation of Louisiana Revised Statute 22:868(B).[21] However, this argument has no bearing on the pending motion because Ms. Tomeny has no standing to raise this defense on behalf of Mr. Touzet.

Accordingly;

**IT IS ORDERED** that **Defendant's Motion to Dismiss for Failure to State a Claim (Rec. Doc. 39),** subsequently converted to a motion for summary judgment (Rec. Doc. 45), is **GRANTED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

December 29, 2025

```
                            _____
                                    JAY C. ZAINEY
                            UNITED STATES DISTRICT JUDGE
```

---

[21] Rec. Doc. 47 at 2.